# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 652 | **DATE** | 2/15/2001 |
| **CASE TITLE** | LETITIA TABORN vs. UNKNOWN OFFICERS, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. Plaintiff's motion for entry of an order deeming Defendant City of Chicago's response to Plaintiff's request to admit as admitted is granted. Status hearing held. Discovery to close on May 18, 2001. Proposed pretrial order to be filed by June 12, 2001. Pretrial conference set for June 26, 2001 at 11:30 a.m. Trial set for August 14, 2001 at 10:00 a.m. *Jury*

(11) ☒ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | number of notices | **Document Number** |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | FEB 16 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | 13 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | 01 FEB 15 PM 5:51 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION.

DOCKETED

FEB 1 6 2001

LETITIA TABORN,

   Plaintiff,

   v.

UNKNOWN OFFICERS, *et al.*

   Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 00 C 652

The Honorable John W. Darrah

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff Letitia Taborn's ("Plaintiff" or "Taborn") Motion for Entry of an Order Deeming Defendant City of Chicago's ("Defendant" or "City") Response to Plaintiff's Request to Admit as Admitted. For the following reasons, the Court GRANTS Plaintiff's Motion.

## PROCEDURAL HISTORY

Plaintiff Letitia Taborn alleges that she was beaten by unidentified police officers. Defendant has produced documents and tape recordings to Plaintiff to enable her to determine which officers were involved. Plaintiff has also reviewed a line-up of officers on duty at the time of the incident and has not yet identified, to the Court's knowledge, any of the officer-defendants in this case. On July 7, 2000, Plaintiff filed the Request to Admit, which is the subject of this opinion. The Request sought admissions regarding whether the unknown officers were acting within the scope of their employment at the time of the incident and whether the unknown officers had contact with the

-1-

Plaintiff's body. Plaintiff's Request uses the term "officer" and does not state the officer(s)' names.

During a status hearing on July 27, 2000, the City acknowledged that it had not spoken to the officers that may have been involved. The Court ordered the Defendant to conduct a reasonable investigation as required by FED.R.CIV.P. 36, which would include interviewing the officers involved to be able to answer the Request to Admit. On August 1, 2000, Plaintiff filed the present Motion; and on August 28, 2000, the City filed its Response to the Motion.

## LEGAL STANDARD

Requests for admission are not discovery devices; rather, they are "used to establish the truth or genuineness of a matter in order to eliminate the need to prove the matter at trial or to limit the triable issues of fact." *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38, 42 (S.D.N.Y. 1997).

Requests for admission are governed by FED.R.CIV.P. 36. It states, "[a]n answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable is insufficient to enable the party to admit or deny." *Id.* "Reasonable inquiry includes investigation and inquiry of any of defendant's officers, administrators, agents, employees, servants, enlisted or other personnel, who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response." *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38, 42 (S.D.N.Y. 1997). "If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served." FED.R.CIV.P. 36.

## DISCUSSION

Plaintiff has asked this Court to deem as admitted paragraphs 3 through 9 of its Request to Admit. In its Response to the present Motion, Defendant argues: (1) the Request to Admit concerns issues which are in dispute; (2) it fulfilled its obligation to conduct a reasonable inquiry; (3) it need not interview unsworn third parties; and (4) interviewing its own officers would violate attorney-client privilege or the work-product doctrine. The Court will address Defendant's arguments in the order they were presented.

First, Defendant argues that the Request concerned issues which are in dispute. This argument is foreclosed by FED.R.CIV.P. 36(a). It specifically states, "[a] party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request." In such instances, the party must deny the statement and set forth its reasons.

Second, Defendant contends it met its obligation to conduct a "reasonable investigation" before concluding it lacked sufficient knowledge. The Court disagrees. The Defendant failed to interview any of its officers, as was its obligation. *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38, 42 (S.D.N.Y. 1997). The officers are individuals employed by the City of Chicago. The City cannot claim to lack knowledge pursuant to a duty of reasonable inquiry when it fails to interview its own employees.

Third, Defendant contends that under *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38, 42 (S.D.N.Y. 1997), it was not obligated to question unsworn third parties. However, this same case explicitly states that legal entities are required to interview their own employees. An entity's own employees can hardly be considered "unsworn third parties."

Fourth, Defendant argues that interviews of its own employees <u>might</u> violate attorney-client privilege or the assertion of the work-product doctrine. Of course, Defendant cannot say with any certainty whether this is truly the case until it conducts the interviews in question.

## CONCLUSION

For the reasons stated herein, Plaintiff's Motion is GRANTED. Paragraphs 3 through 9 of Plaintiff's Request to Admit are deemed as admitted.

**IT IS SO ORDERED.**

Date: Feb. 15, 2001

John W. Darrah, Judge
United States District Court