

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 652 | DATE | 2/27/2001 |
| CASE TITLE | Letitia Taborn vs. UnKnown Officer et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant City of Chicago's motion to reconsider is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | FEB 2 8 2001 date docketed | 14 |
| | Notified counsel by telephone. | | |
| ✓ | Docketing to mail notices. | docketing deputy initials | |
| | Mail A 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| LG courtroom deputy's initials | | 01 FEB 27 PM 5:29 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION.

| | |
|---|---|
| LETITIA TABORN,<br><br>Plaintiff,<br><br>v.<br><br>UNKNOWN OFFICERS, et al.<br><br>Defendants. | Case No. 00 C 652<br><br>The Honorable John W. Darrah |

**DOCKETED**
**FEB 2 8 2001**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant City of Chicago's ("Defendant" or "City") Motion to Reconsider the Court's earlier ruling granting Plaintiff's Motion to Deem Defendant's Response to Plaintiff's Request to Admit as Admitted. For the following reasons, the Court DENIES Defendant's Motion.

## DISCUSSION

Defendant City of Chicago makes two arguments in its Motion to Reconsider: (1) the Court erred in concluding that Judge Leinenweber ordered Defendant to speak to the officers; and (2) Defendant was not obligated to speak to the officers before answering Plaintiff's Request to Admit because the Officers might also be sued individually. Both arguments are unpersuasive.

First, whether or not Judge Leienenweber actually ordered Defendant to speak to the officers was immaterial to the Court's earlier decision. During the hearing, Judge Leinenweber sought to impress upon Defendant its obligation to conduct a reasonable investigation. Judge Leinenweber

-1-

clearly communicated his belief that Defendant had an obligation to speak to the Officer(s) at the scene. During the hearing, counsel for Defendant stated:

> There is one officer whose name appears on the report. Other than that I can't imagine what my obligation would be since there is no other officer...

(Hrg. Trans. ¶ 6-8, at 7). Judge Leinenweber responded:

> You have an obligation to talk to that officer to see who was there.

(Hrg. Trans. ¶ 9-10, at 7).

Later on, counsel for Defendant stated:

> Judge, in this request to admit I am being asked to admit that an officer working for the City of Chicago touched the body of Mr. Horwitz' client.

(Hrg. Trans. ¶ 7-9, at 8). Judge Leinenweber then responded:

> All right. You have to talk to the officers to find out whether they touched her.

(Hrg. Trans. ¶ 10-11, at 8).

Whether or not these statements constituted a formal order is immaterial to the Court's earlier decision. The fact is that Defendant was put on notice of its obligation to speak to the Officer(s). Its failure to do so, in turn, resulted in the requests to admit being deemed as admitted.

Defendant persists in its contention that it had no legal obligation to speak to the Officers for the purpose of answering Plaintiff's Request to Admit. Defendant argues that the general principle that employers need to make a reasonable inquiry of their employees "was never intended to apply to the situation presented in this case." However, Defendant fails to cite any authority as to why this Court should not apply the finding of the court in *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38, 42 (S.D.N.Y. 1997). In that case, the court concluded, "[r]easonable inquiry includes investigation and inquiry of any of defendant's officers,

administrators, agents, employees, servants, enlisted or other personnel, who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response."

Defendant argues that attorneys for the City should not be obligated to interview officers whose legal interests may be in conflict with those of the City. If interest in preserving these officers' legal rights was Defendant's chief concern, then it could have easily arranged to have attorneys from the "other division," which represents Officers in their individual capacity,[1] present for the interviews.

## CONCLUSION

For the reasons stated herein, Defendant's Motion is DENIED.

**IT IS SO ORDERED.**

Date: Feb. 27, 2001

John W. Darrah, Judge
United States District Court

---

[1] Referenced in footnote 2 of Defendant's Motion.